WESTERN DIST.
October, 1834.

PRUDHOMME
*vs.*
VIENNE'S ESTATE

The service of the citation without the petition of appeal, is defective and insufficient. The Code of Practice, articles 581—2, expressly require the service of both.

When the service of the process of appeal is defective and insufficient, the appeal will be dismissed on the motion of the appellee.

shows there was no copy of the petition served on the appellees, as is required by law.

*Thomas*, contra.

---

**PRUDHOMME, CURATRIX** *vs.* **VIENNE'S ESTATE.**

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF NATCHITOCHES.

Where creditors agree, to allow a syndic five per cent. commission on the *real amount* he may have in his hands in the course of his administration, he is only intitled to a commission on the amount of *moneys actually received* by him, and not on the amount of notes or property which came into his hands.

By the act of 1817, the commission of syndics cannot exceed five per cent.; and if the first syndic is allowed full commissions on the property which came into his hands, his successor, to whom it is delivered for final distribution, would be intitled to nothing.

The 1676th article of the *La. Code*, relates only to executors, and restricts their commissions to two and a half per cent. on the amount of the inventory, when they have had seizin of the whole estate.

WESTERN DIST.
October, 1834.

PRUDHOMME
vs.
VIENNE'S ESTATE

The plaintiff, as curatrix of the succession of her deceased husband, claims a commission of five per cent. on the aggregate amount of certain notes, which came into his hands as syndic of the estate of François Vienne, and which were delivered over to the present syndic. The amount of notes and debts due the estate of Vienne, which passed through the hands of the plaintiff's deceased husband while acting as syndic, was eight thousand four hundred and ninety-five dollars and ninety-three cents, on which she claims five per cent., amounting to four hundred and twenty-four dollars and seventy-nine cents. She alleges she has demanded this sum from A. Sempeyrac, at present syndic of Vienne's estate, who refuses to allow her claim; wherefore, she prays judgment therefor, with interest and costs.

The syndic pleaded the general issue; and that the plaintiff, or her husband in his life-time, while syndic, received the amount to which he was entitled.

The evidence shows that the plaintiff's husband was appointed syndic of Vienne's estate by the creditors thereof, who declare "he is entitled to receive for his services, a commission of five per cent. *on the real amount he may have in his hands, in the course of his administration.*"

It is also admitted, that the account claimed, is for commissions on uncollected notes, delivered over to the syndic, the present defendant, after the death of the former syndic.

The probate judge was of opinion, that by the words *real amount*, in the *procès verbal* of the deliberations of the creditors, it was evidence of their intention to allow the commission only on *money actually received by the syndic*, and not for the trouble of having the property sold and taking notes therefor. Judgment being for the defendant, the plaintiff appealed.

This case was submitted, after brief explanations by *Mr. Barry* for the plaintiff, and *Gen. Thomas*, for the defendant.

*Bullard, J.,* delivered the opinion of the court.

The only question presented by the pleadings in this case, is whether a syndic, who administers an insolvent succession, under an agreement with the creditors, that he shall receive

WESTERN DIST. a commission of five per cent. on the real amount received by

October, 1834. him, be entitled to charge that commission on notes due to

PRUDHOMME the succession, not collected by him, but handed over to his

*vs.*

VIENNE'S ESTATE successor. The expressions used by the creditors, in their

deliberations, are, "that the said syndic should be entitled to

Where credi- receive for his services in that capacity, a commission of five

tors agree to al-

low a syndic five per cent., on the real amount he may have in his hands, in the

per cent commis-

sion on the *real* course of his said administration, agreeably to law." It is

*amount*, he may

have in his hands evident the creditors contemplated that the syndic should

in the course of continue to administer fully on the estate, convert the proper-

his administra-

tion, he is only ty into money, and distribute it among the creditors. But he

entitled to a

commission on died before the administration was closed, and another syndic

the amount of was appointed, and the notes given by purchasers at the sale

*moneys actually*

*received* by him, of the estate, were handed over by his representatives to the

and not on the

amount of notes new syndic.

or property

which came into We concur in opinion with the judge *à quo*, that the credi-

his hands.

By the act of tors intended to allow the syndic a commission only on the

1817, the com- amount of moneys actually received by him, in the course of

missions of syn-

dics cannot ex- his administration. The promissory notes of purchasers, do

ceed five per not, in our opinion, constitute a real amount in his hands. By

cent; and if the

first syndic is al- the act of 1817, the commissions cannot exceed five per cent.,

lowed full com-

missions on the and if the first syndic in this case, were to be allowed full

property which commission on the notes in question, his successor, who is to

came into his

hands, his suc- collect them and distribute the proceeds among the creditors,

cessor, to whom

it is delivered would be entitled to nothing.

for final distri-

bution, would be The 1676th article of the Louisiana Code, on which the

entitled to no-

thing. appellant relies, does not appear to us to support her preten-

Article 1676 of sions. That article relates only to executors, and restricts

the La. Code re-

lates only to exe- their commissions to two and a half per cent., on the amount

cutors, and to of the inventory, when they have had seizin of the whole

two and a half per

cent. on the a- estate.

mount of the in-

ventory when

they have had It is, therefore, ordered, adjudged and decreed, that the

seizin of the

whole estate. judgment of the Court of Probates be affirmed, with costs.